IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KATHE A. BAUER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-0021-SSA-CV-W-WAK |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Claimant Kathe A. Bauer seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She claims she became disabled beginning on October 7, 2003. The parties' briefs were fully submitted, and an oral argument was held on January 27, 2009.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine evidence that both supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Kathe Bauer was born in 1949 and has a high school education. She is five feet seven inches tall and weighs approximately 250 pounds. Her relevant experience includes work as an order filler, packer, and waitress. In her disability report, she asserted she was unable to work because of back and leg pain, partial removal of a brain tumor, stress, and the inability to stand and walk.

Claimant suffered from seizures for most of her lifetime, and in 1990 had a benign brain tumor partially removed in surgery. For a number of years, her seizures were under control and the remaining portion of the tumor remained stable. In December 2002 and October 2003, she was treated at the hospital for seizures and was intermittently restricted from driving. In 2004, her neurologist and treating physician opined that she was unable to work because of seizures, depression and cognitive changes after the removal of her large tumor. She took prescription medication for her seizures and her depression.

Bauer's husband died in 1992 and she worked between 1993 and 2002. In 2001, she injured her back, right knee and right ankle at work. She completed a work-hardening program and returned to work with certain restrictions. In October 2002, she injured her left hip at work, which aggravated her pre-existing low back pain. Subsequently, Dr. Rope performed an evaluation for workers compensation purposes and found her to have a forty percent whole person permanent partial disability. His finding indicated that her individual impairments were less severe, but when they were considered in combination, the effect was greater. In 2004, X-rays were taken of her right knee and lumbar spine, which confirmed mild to moderate conditions.

A state agency requested a psychological evaluation in 2004, and Bauer was diagnosed with an adjustment disorder with mixed anxiety and depressed mood, and a cognitive disorder, not otherwise specified. Her global assessment functioning was rated at 48.

Claimant's treating physician completed a medical source statement in 2007. He indicated she could lift less than ten pounds frequently, lift ten to twenty pounds occasionally, sit for a total of four hours and stand or walk for a total of two hours in an eight-hour workday. She would frequently have fatigue and pain.

In 2007, a nonexamining state agency physician completed a physical residual functional capacity assessment and found claimant had the ability to perform work at a light exertional level. A nonexamining state agency psychologist also determined there was insufficient evidence of any mental impairment. The 2007 mental capacity assessment was inconsistent with one done by another state agency psychologist in 2004, which indicated she was moderately limited in a number of categories.

In the decision of the Administrative Law Judge (ALJ), she found claimant was "status post remote excision of a brain tumor with residual epilepsy and an underlying cognitive disorder with many years of work." (Tr. 26.) The ALJ noted Bauer was diagnosed in 2004 with an adjustment disorder with mixed anxiety and depressed mood, had degenerative joint disease in the right knee, had degenerative disc and joint disease in the lower thoracic and lumbar, and was obese.

The ALJ summarized claimant's testimony and noted her good work record, but ultimately determined that her work record postdated the removal of her brain tumor. Thus, the ALJ stated that Bauer's cognitive disorder secondary to the tumor removal did not prevent her from engaging in many years of substantial gainful activity. The ALJ discounted the opinion of claimant's treating physician, which limited her to less than sedentary work, by concluding the opinion was not supported by the treatment records or Bauer's testimony. The ALJ discounted claimant's allegations of disability by noting she engaged in a wide range of daily activities, drove a car, and took only over-the-counter pain medications.

Ultimately, the ALJ concluded Bauer could return to her past relevant, light exertion, unskilled work.

In her request for judicial review, Bauer asserts the ALJ erred in assessing plaintiff's residual functional capacity, posed an inadequate question to the vocational expert, and erred in finding Bauer's allegations were not totally credible. These issues were briefed by the parties and addressed during the oral argument.

In this case, the treating and examining physicians clearly indicated claimant had impairments which would have an impact on her ability to work. It was nonexamining consultants who did records reviews who found she could do light work or that there was insufficient evidence of a mental disorder.

> The ALJ is required to assess the record as a whole to determine whether treating physicians' opinions are inconsistent with substantial evidence on the record. 20 C.F.R. § 404.1527(d)(2). "A treating physician's opinion is generally given controlling weight, but is not inherently entitled to it." Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006). See 20 C.F.R. § 404.1527(d)(2). An ALJ may elect under certain circumstances not to give controlling weight to treating doctors opinions. A physician's statement that is "not supported by diagnoses based on objective evidence" will not support a finding of

4

> disability. Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir.2003). If the doctor's opinion is "inconsistent with or contrary to the medical evidence as a whole, the ALJ can accord it less weight." Id.; see also Hacker, 459 F.3d at 937; 20 C.F.R. § 404.1527(d)(2). It is the ALJ's duty to resolve conflicts in the evidence. See Hacker, 459 F.3d at 936.

Travis v. Astrue, 477 F.3d 1037, 1041 (8th Cir. 2007).

Here, the ALJ erred in not considering the combined effects of claimant's impairments after her second injury in 2002, in not addressing the effect of her obesity which occurred after she stopped working, and in discounting the opinions of the physicians who treated or examined her.

The court notes that "[w]here adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).

The ALJ appears to have considered separately plaintiff's individual impairments and used the findings of nonexamining consultants to make her final decision. In some cases, that approach might be supported by substantial evidence which would necessitate the court to affirm the decision. The record in this case, however, when considered as a whole, does not contain substantial evidence to support the ALJ's decision. The overall record indicates Bauer has cognitive impairments, pain, a chronic seizure disorder, degenerative conditions and a need to avoid stressful situations which combine to limit her activities and abilities.

"For a claimant to qualify for work at any level, that claimant must have the ability to perform the tasks of employment on a daily basis." Hall v. Chater, 62 F.3d 220 (8th Cir. 1995).

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for an award of benefits.

5

Dated this 12th day of February, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

6